SHERIFF: COMPENSATION: FEES:  County sheriff may not perform privately contracted policing services within the county for personal compensation.  Sheriff's family members may be involved in private service of process business.  Minn. Stat. § 387.03, 387.20, 436.05.

390a-6
(Cr. ref. 390a-18,390c)

October 31, 1994

Bruce D. Obenland
Pope County Attorney
605 South Lakeshore Drive, Suite 1000
Glenwood, Minnesota 56334-1550

Dear Mr. Obenland:

In your letter to our office of June 3, 1994, you present the following:

## FACTS

The sheriff of Pope County, Minnesota, is on occasion employed during off-duty hours by businesses and governmental entities to provide police services, receiving compensation from such businesses and governmental entities. Activities for which compensation is received generally include providing police services for cities within the county which do not have regular police services, policing dances, school functions and similar activities. The sheriff retains any compensation so received.  In addition, members of the sheriff's immediate family, (his spouse and adult children) operate an unincorporated process serving business serving civil process within Pope County and in other counties adjacent to it. The sheriff himself does not engage in the service of civil process for this unincorporated family business.

Questions presented are as follows:

## QUESTION ONE

May the Pope County Sheriff, during off-duty hours, provide police services to cities within the county as well as private business entities and receive compensation from these parties?  If so, should the county be reimbursed for the funds so received by the sheriff?

Bruce D. Obenland
Page 2
October 31, 1994

## OPINION

We answer your question in the negative with respect to an elected county sheriff providing law enforcement services to private or public entities and receiving compensation in addition to his salary for such services. The office of County Sheriff is established by state statute. See Minn. Stat. §§ 382.01, 387.01 (1992). Specific powers and duties of county sheriffs are defined. for example, in Minn. Stat. § 387.03 (Supp. 1993).

> The sheriff shall keep and preserve the peace of the county, for which purpose the sheriff may require the aid of such persons or power of the county as the sheriff deems necessary. The sheriff shall also pursue and apprehend all felons, execute all processes, writs, precepts, and orders issued or made by lawful authority and to the sheriff delivered, attend upon the terms of the district court, and perform all of the duties pertaining to the office, including investigating recreational vehicle accidents involving personal injury or death that occur outside the boundaries of a municipality, searching and dragging for drowned bodies and searching and looking for lost persons. When authorized by the board of county commissioners of the county the sheriff may purchase boats and other equipment including the hiring of airplanes for search purposes.

See also Minn. Stat. §§ 86B.105 (watercraft safety) § 75.46 (patrol of roads). See also Op. Atty. Gen. 733, July 14, 1947 wherein we noted the following concerning the duties of sheriffs:

> The sheriff has the general responsibility for enforcing the criminal laws throughout his county. It is his duty, so far as available means permit, to take the initiative in law enforcement without waiting for complaints, to investigate conditions respecting observance of the laws, to take such action as circumstances may require for the prevention of violations, to arrest offenders when sufficient grounds appear, to swear to criminal complaints when he has sufficient knowledge of the facts, and to investigate criminal cases and secure evidence for the prosecution thereof. Any one may report a law violation to the sheriff, who should make such investigation and take such action as the case may require.

For performance of the duties of office, the sheriff receives a salary as fixed by the county board. See Minn. Stat. § 387.20 (1992). Subdivision 5 of that section provides:

> Subd. 5. The county sheriff shall charge and collect all fees and per diems prescribed by law and may require such fees and per diems to be paid before performing the services for which they are charged. The sheriff shall pay all

such fees and per diems to the county in the manner and at the times prescribed by the county board, but not less often than once each month. The sheriff shall not retain any additional compensation or other emolument for services in any activity of county government. For purposes of this subdivision, (1) the expenses of the sheriff incurred in the performance of official duties for the county, (2) uniform allowances, (3) mileage and travel allowances, except as the board shall have furnished motor vehicles pursuant to Minnesota Statutes 1961, section 387.29, (4) living quarters provided by the county, and (5) payments for boarding prisoners, shall not be deemed an emolument of the office.

See also Minn. Stat. § 357.33 (1992).

From these authorities, it seems clear that the sheriff's salary constitutes the compensation for performing all law enforcement functions and duties belonging to the office and he or she may not charge and retain any fees or compensation for such activities. In this regard the sheriff is not, in our view, ever really "off duty" when it comes to performing duties assigned to the office. While the sheriff is certainly not required to devote 24 hours each day to actually performing sheriff's duties, and has substantial discretion in allocating both his own time and the resources of the department, it seems clear that the salary provided is for the holding of the office and performance of all duties associated therewith rather than for adhering to a particular schedule of "on duty" and "off duty" time. This notion is further supported by Minn. Stat. § 43A.17, subd. 10 (1992) which provides:

> The compensation plan for an elected official of a statutory or home rule charter city, county, town, or school district may not include a provision for vacation or sick leave. The salary of an official covered by this subdivision may not be diminished because of the official's absence from official duties because of vacation or sickness.

Furthermore, absent statutory authority, it is generally held that public agencies or officials may not contract to provide basic governmental services, such as law enforcement, for a fee. As noted by the California Attorney General in 68 Ops. Cal. Atty. Gen. 175, July 19, 1985:

> [A]side from the special case of Government Code section 26228, post, we have found no statutory basis whatsoever for a county or a city, or a sheriff or chief of

police acting in an official capacity to contract with private individuals for the provision of any law enforcement services. Indeed, the tenor of the general understanding of the provision of law enforcement services has always been that such is owed to the community as a whole with no special favor going to those who are able to pay for special private services.

. . .

Thus while it is true that with finite resources a sheriff or chief of police can provide but a limited degree of protection from crime, the duty nonetheless remains to provide that degree, as appropriate, throughout the city or county with unjustifiably deploying protective services in one area at the expense of another.

See also Ops. Atty. Gen. 688K. December 15, 1964 and December 22, 1952 (no authority to impose service charge for fire protection service).

Minn. Stat. § 436.05 (1992) does provide authority for counties, though the sheriff, with the approval of the county board to contract with cities or towns to provide police services. Such authority, however, does not relieve the sheriff of any of the duties imposed by law. Id. subd. 3. Nor would such authority permit the sheriff personally to retain any compensation provided to the county pursuant to such contracts. Thus, inasmuch as the activities described in your letter appear to be such as are included within the general duties of the office of sheriff, it is our view that the sheriff may not contract with public or private entities within the county to provide such services in return for personal compensation to the sheriff in addition to salary.

We note that this opinion relates only to the sheriff as an elected county officer and not to other peace officers who are employed by units of government. We have previously recognized that employed peace officers may, to the extent permitted by their appointing authorities, to perform compensated security services during off-duty hours. C.f. Op. Atty. Gen. 785-L, January 17, 1989 concerning off duty officers wearing their uniforms and badges while performing off duty services. See also Spaulding v. Board of Commissioners,

Kandiyohi County, 238 N.W.2d 602 (Minn. 1976) (distinguishing between county employees and elected officials with respect to authority to be granted severance pay.)

Since we conclude that the sheriff is not authorized to perform contract policing services for personal compensation, it appears unnecessary to respond to the second part of your question concerning "reimbursement" of the county for funds received. We might say, however, that as noted above, the sheriff is bound to pay over to the county all fees or per diems prescribed by law. Thus, it is clear that any moneys collected pursuant to a statute providing for a fee for services of the sheriff are owed to the county. In situations where no fee or charge is authorized, it may depend upon the circumstances whether either the county or the person or entity having paid the charge would be entitled to recover.

## QUESTION TWO

May the sheriff or his immediate family (in this case spouse and adult children) engage in services of civil process and receive compensation for such services either within or outside the jurisdiction of Pope County, Minnesota?

## OPINION

One of the statutorily prescribed duties of the sheriff is to execute all processes and writs and orders within the county. See Minn. Stat. § 387.03 (1992). From the foregoing discussion, it is manifest that the sheriff cannot retain personal compensation from any source in excess of his salary for engaging in service of process within the county. There is no similar prohibition against the sheriff receiving compensation for service of process outside the county, where the sheriff has no legal duties or obligations outside Pope County.[1] However, the sheriff may be unable to adequately perform his legal duties within Pope County if he spends substantial amounts of time in private ventures outside of the county.

---

1. As noted in Op. Atty. Gen. 785-L, January 17, 1989, however. a peace officer would not be authorized to wear the badge or uniform of office when performing private services outside his or her jurisdiction.

Bruce D. Obenland
Page 6
October 31, 1994

It is unclear precisely what role, if any, the sheriff plays in his family's business. As sheriff, he may not decline to serve process in his official capacity in order to benefit his family's business. However, there is no prohibition per se against members of the sheriff's family engaging in service of process within or outside the county. If the sheriff has an ownership interest in the family business, that business cannot contract with the county unless the contract falls within one of the statutory exceptions to the general rule prohibiting public officers from having financial interest in government contracts. See Minn. Stat. §§ 382.18, 471.87-88 (1992).

Thus, there is no prohibition against the family members engaging in service of process within the county and receiving compensation therefore, provided the sheriff is not involved in such activity. The family members may, of course, engage in service of process outside of Pope County.

I hope the foregoing discussion has been helpful to you, and sheds light on some of the primary issues.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE, JR.
Assistant Attorney General

(612) 297-1141


KER:sr.ah3